UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROBERT HIBBERT,<br><br>Plaintiff,<br><br>v.<br><br>FLAVORS C. INC., RICARDO RALAT, ABC CORPORATIONS (1-5), AND JOHN DOES (1-5),<br><br>Defendants. | Civil Action No. 21-13119 (SRC)<br><br>OPINION & ORDER |

**CHESLER**, District Judge

  This matter comes before the Court on Defendant's motion to preclude expert testimony at trial alleging that Plaintiff Robert Hibbert suffered any injuries as a result of the accident on November 10, 2020 (ECF No. 45) pursuant to Federal Rule of Evidence 702 and Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579 (1993). The Court has reviewed the papers and proceeds to rule without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons that follow, Defendant's motion will be granted.

I

  This is a personal injury action stemming from an accident between two tractor trailers. On November 10, 2020, while operating a truck on behalf of his employer, Plaintiff was rear-ended by another tractor trailer. (ECF No. 45-6 at p.1). Witnesses noted that he "did not stop and was

slumped over the wheel"; the EMS report indicates that Plaintiff did not remember what happened. Id. Plaintiff suffered a stroke on or about May 22, 2013 and alleges that the symptoms he exhibited after the accident are similar to those he exhibited around the time of his 2013 stroke. (ECF No. 45-1 at p.4). Plaintiff seeks to have his treating physician, Dr. John E. Robinton, to testify that Plaintiff "hit his head and lost consciousness" as a result of the accident, that this impact caused a concussion, and that the concussion triggered a stroke. (ECF No. 46 at pp.4-5). The record contains three reports: one by Dr. Robinton (ECF No. 45-5), one by the independent medical examiner retained by Plaintiff's workers compensation carrier, Dr. James A. Charles (ECF No. 45-3), and one by Defendant's expert, Dr. William B. Head, Jr. (ECF No. 45-4).

In the "Impression" section of his report, Dr. Robinton made the following comment, which forms the basis for this motion: "Given the fact that the recent MRI revealed no evidence of an acute injury, I am hopeful that the present complaints and findings are related to a concussion." (ECF No. 45-5 at p.2). Dr. Robinton also notes in a letter dated March 30, 2021 that, after reviewing Plaintiff's neuropsychological assessment, "it does not appear that the report is absolute in [its] conclusion regarding etiology." (ECF No. 45-5 at 6). From this, Plaintiff argues, Dr. Robinton can testify regarding a possible concussion because "the issue of the concussion has not been ruled out." (ECF No. 46 at p.7). Dr. Charles's report affirmatively denied that Plaintiff experienced a concussion as a result of the incident. (ECF No. 45-3 at p.2) ("[Plaintiff's] presentation is that of cerebrovascular disease, not that of a concussion from this accident."). Dr. Head's report does not mention concussion specifically but concludes "I can find no psychiatric condition from his November 10, 2020 accident, and no neurological condition from that accident . . . ." (ECF No. 45-4 at p.12).

II

Defendant seeks to preclude Dr. Robinton's testimony that the November 10, 2020 accident caused any injury to Plaintiff.[1] To the extent Dr. Robinton's testimony would offer any scientific opinions, Daubert and Federal Rule of Evidence 702 apply. See Fed. R. Civ. P. 26(a)(2)(c). Federal Rule of Evidence 702 provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R. Evid. 702. The factors identified by the Supreme Court to assess reliability of expert testimony are (1) whether the particular theory can be and has been tested; (2) whether the theory has been subjected to peer review and publication; (3) the known or potential rate of error; (4) the existence and maintenance of standards controlling the technique's operation; and (5) whether the technique has achieved general acceptance in the relevant scientific or expert community. Daubert, 509 U.S. at 593-94. However, "the test for reliability is flexible, and Daubert's list of specific factors neither necessarily nor exclusively applies to all experts or in every case." Kumho Tire Co.,

---

[1] While Defendants' briefs are unclear on what testimony, exactly, they seek to preclude, their legal argument seems to give the most cogent statement of this motion's target: testimony by Dr. Robinton that "might attempt to connect the plaintiff's stroke symptoms to the accident of November 10, 2020." (ECF No. 45-1 at p.5). In Defendants' own words, "plaintiff wants a jury to guess that his reappearing symptoms in 2020 were related to the accident," and Dr. Robinton's remark that a concussion could not be ruled out might accomplish this for Plaintiff. (ECF No. 47 at p.6). However, Defendant also asks that "Dr. Robinton . . . be precluded from presenting any opinions at Trial." Id. at p.8. This appears to be a much broader request. The Court will consider this motion to be making the narrow request to preclude Dr. Robinton from testifying that Plaintiff's stroke symptoms were connected to or caused by some injury sustained in the accident.

Ltd. v. Carmichael, 526 U.S. 137, 141 (1999). Ultimately, to be admissible, an expert must base the conclusions of her testimony on "'methods and procedures of science' rather than on 'subjective belief or unsupported speculation.'" Schneider ex rel. Estate of Schneider v. Fried, 320 F.3d 396, 404 (3d Cir. 2003) (quoting Daubert, 509 U.S. at 590). Bald or unsupported conclusions that are not based upon the facts of the case are not permitted. Fedorczyk v. Caribbean Cruise Lines, Ltd., 82 F.3d 69, 75 (3d Cir. 1996). The expert witness must demonstrate how her opinions are based on the specific facts of the case. Gen. Elec. Co. v. Joiner, 522 U.S. 136, 146 (1997) ("[N]othing in either Daubert or the Federal Rules of Evidence requires a district court to admit opinion evidence which is connected to existing data only by the *ipse dixit* of the expert. A court may conclude that there is simply too great an analytical gap between the data and the opinion proffered.").[2]

Any testimony by Dr. Robinton that the accident caused an injury which triggered Plaintiff's symptoms would constitute precisely the kind of "subjective belief or unsupported speculation" contemplated by Daubert to be in violation of Rule 702. Schneider, 320 F.3d at 404 (quoting Daubert, 509 U.S. at 590). There is no evidence in the record indicating that Plaintiff

---

[2] Defendant's motion references the "net opinion" rule, which under New Jersey law requires an expert opinion to "be based on a proper factual foundation." Dawson v. Bunker Hill Plaza Assocs., 289 N.J. Super 309, 323 (App. Div. 1996). "The expert's testimony should be excluded if it appears the witness is not in possession of such facts as will enable him or her to express a reasonably accurate conclusion as distinguished from a mere guess or conjecture." Faragalla v. Otundo, 626 F. Supp. 3d 783, 787 (D.N.J. 2022) (internal citations and quotations omitted). "[T]he 'net opinion' rule is neither an evidentiary rule under the Federal Rules of Evidence nor a factor in the Daubert analysis." Holman Enters v. Fidelity and Guar. Ins. Co., 563 F. Supp. 2d 467, 472 n.12 (D.N.J. 2008). Courts in this district assess net opinion arguments under both Daubert's "fit" requirement and by asking whether the opinion is of "assistance to the trier of fact." W. Am. Ins. Co. v. Jersey Cent. Power & Light, No. 03-6161, 2008 WL 5244232, at *5 (D.N.J. Dec. 15, 2008); May v. Atl. City Hilton, 128 F. Supp. 2d 195, 198 (D.N.J. 2000). Regardless of which mode of analysis the Court applies, "the inquiry remains the same—whether the expert's opinion will assist the trier of fact." Iudici v. Camisa, No. 12-3466, 2022 WL 3998295, at *3 (D.N.J. Sept. 1, 2022).

sustained head trauma or any other kind of injury in the accident, and Dr. Robinton's remark only expresses "hope[] that the present complaints and findings are related to a concussion." (ECF No. 45-1 at p. 2). The EMS report indicates that Plaintiff does not recall that he sustained such an injury (or anything else about the accident), and Dr. Robinton himself indicated "that the primary problem [*sic*] are related to the stroke." (ECF Nos. 45-6 at p.1 and 45-5 at p.6). Plaintiffs seek to have Dr. Robinton testify that another injury, e.g., a concussion caused by the accident, triggered Plaintiff's condition merely because "[t]here is no etiology showing the cause of the Plaintiff's stroke from this accident." (ECF no. 46 at p.7). But the mere absence of evidence concerning etiology does not open the door to rank speculation as to what else may or may not have been the cause of the post-accident symptoms—and certainly this rank speculation does not clear the Daubert bar when it is expressed in the form of "hope." Cf., e.g., Heller v. Shaw Indus., Inc., 167 F.3d 146, 153 n.4 (3d Cir. 1999) (permitting medical expert to opine on cause of condition when they can make such a conclusion with a "reasonable degree of medical certainty"); Holbrook v. Lykes Bros. S.S. Co., Inc., 80 F.3d 777, 785 (3d Cir. 1996) (same). On the contrary, Dr. Robinton's report is entirely devoid of any affirmative evidence that would qualify his opinion regarding the cause of the accident as an admissible expert opinion under Daubert and Rule 702. In short, "there is simply too great an analytical gap" between the absence of a conclusive etiology and the possibility of a concussion, or any other injury that Plaintiff might have sustained as a result of the accident, to allow Dr. Robinton to testify as to such a possible injury. Joiner, 522 U.S. at 146.

Plaintiff's only legal argument in favor of allowing Dr. Robinton to testify as to a possible accident-related injury is based on inapplicable New Jersey law and, on the merits, fails to justify admission regardless. Plaintiff points to Stigliano v. Connaught Labs., Inc., which held that "treating doctors may testify about their diagnosis and treatment of [a patient's] disorder, including

5

—

their determination of that disorder's cause." 140 N.J. 305, 314 (1995). At the outset, Stigliano was a decision of the New Jersey Supreme Court on an issue of New Jersey state evidence law. Plaintiff is correct that the Erie doctrine commands this court to apply New Jersey substantive law when sitting in diversity. Chamberlain v. Giampapa, 210 F.3d 154, 158 (3d Cir. 2000) (citing Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78 (1938)). But Erie also requires federal courts sitting in diversity to apply federal procedural law, and the Third Circuit has conclusively held that the Federal Rules of Evidence are procedural. Salas v. Wang, 846 F.2d 897, 903-06 (3d Cir. 1988). Thus, Stigliano, its progeny, and any cases interpreting New Jersey's rules of evidence are entirely inapplicable to the question of whether Dr. Robinton's testimony can be admitted. Moreover, even under Stigliano, Dr. Robinton's testimony could not be admitted. His remarks regarding a possible concussion are not a "diagnosis," but merely conjecture. Stigliano, 140 N.J. at 314. Had Dr. Robinton conclusively examined Plaintiff's medical records and determined that a concussion or some other injury triggered Plaintiff's stroke symptoms, the analysis under Stigliano might be different. All Dr. Robinton offers is "hope[] that the present complaints and findings are related to a concussion"—far from a medical conclusion or diagnosis. (ECF No. 45-5 at p.2).

\* \* \*

For these reasons,

**IT IS** on this 18th day of July, 2024

**ORDERED** that Defendants Flavors C. and Ricardo Ralat's motion to preclude expert testimony (Docket Entry No. 45) is **GRANTED**.

                                                          s/Stanley R. Chesler
                                          STANLEY R. CHESLER, U.S.D.J.

Dated: July 18, 2024